# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

LEAH DELORES MORRIS,

        Plaintiff,

v.                           CIVIL ACTION NO. 3:16-12742

SANTANDER BANK, N.A.,
and JOHN DOE HOLDER,

        Defendants.

## ORDER

Pending before the Court is Defendant Santander Bank, N.A.'s Motion for Summary Judgment (ECF No. 28). In its motion, Defendant Santander requests that this Court dismiss Count V of Plaintiff's complaint. Additionally, Defendant Santander argues that Plaintiff's remaining claims against the other defendant(s) should be dismissed for failure to comply with Rule 25 of the Federal Rules of Civil Procedure. *Def.'s Mem. in Supp. of Mot. for Summ. J.*, ECF No. 29, at 9-10. In response to this motion, Plaintiff conceded that she cannot maintain Count V of her complaint against Defendant Santander. *Pl.'s Resp. to Mot. for Summ. J.*, ECF No. 33, at 1-2. Accordingly, as Plaintiff has recognized that she lacks the evidentiary foundation to maintain Count V of her complaint, the Court **GRANTS, IN PART**, Defendant Santander's Motion for Summary Judgment and **DISMISSES** Count V of Plaintiff's complaint.

Even with the dismissal of Count V, two issues remain: (1) Defendant Santander's contention that Plaintiff's suit should be dismissed for failure to comply with Rule 25; and (2) whether Defendant Santander can be kept as a party to Plaintiff's action, given that all of Plaintiff's

claims against Defendant Santander have been dismissed. As explained below, the Court disagrees with Defendant Santander regarding the first issue; and regarding the second issue, the Court believes Plaintiff has not sufficiently fleshed-out her argument for how Defendant Santander can remain part of this suit where no claims remain against it. Therefore, Plaintiff must provide authority for the proposition that a court can keep a party in an action when all the claims against that party have been dismissed.

On the first issue, Rule 25 provides the procedure for substituting another party upon the death of an existing party to a suit. The rule provides that a motion for substitution of a deceased party may be made by any party to the action. Fed. R. Civ. P. 25(a)(1). If that motion for substitution "is not made within 90 days after service of a statement noting the death,"[1] the action must be dismissed. *Id.* Only the proper filing and service of the statement noting death triggers the 90-day period for filing a motion for substitution. *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985). The statement noting death is a formal filing that must be in writing and served on all parties. *See United States v. Currency $11,331*, 482 F.Supp.2d 873, 885 (E.D. Mich. 2007). That the parties know about the death of a party, or the mere reference to a party's death in pleadings, is not sufficient to qualify as a statement noting death. *See Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir. 1990). Thus, neither the parties' knowledge of the death, nor the mentioning of death in pleadings will trigger the 90-day window for filing the motion to substitute. *Id*. Additionally, there is no time limit for filing the statement noting death. *See Currency $11,331*, 482 F.Supp.2d at 885.

---

[1] The parties at times refer to the "statement noting death" as a "suggestion of death." These terms are synonymous, as "suggestion of death" was the terminology used under prior versions of Rule 25. Fed. R. Civ. P. 25(a) advisory committee's note to 1963 amendment.

Defendant Santander contends that Plaintiff's suit should be dismissed because more than 90 days have elapsed since Ms. Morris passed away. *Def.'s Mem. in Supp. of Mot. for Summ. J.*, at 9-10. Defendant Santander, however, misconstrues the requirements for a court to dismiss a claim under Rule 25(a)(1).

To the Court's knowledge, no party has filed a statement noting death.[2] As no party has filed a statement noting death, the 90-day clock under Rule 25 has not begun to run. Therefore, the Court rejects Defendant Santander's Rule 25 argument and **DENIES, IN PART**, Defendant Santander's Motion for Summary Judgment regarding its request for dismissal under Rule 25.

Finally, Plaintiff has suggested that even though no claims remain against Defendant Santander, Defendant Santander should not be dismissed from this suit. *Pl.'s Resp. to Mot. for Summ. J.*, at 3 n.1. Because Plaintiff cites no authority for this maneuver, the Court **DIRECTS** Plaintiff to file supplementary briefing on this point, providing legal authority for keeping a party in an action where no remaining claims are directly asserted against that party. The Court **DIRECTS** Plaintiff to file its supplementary brief by **Friday**, **November 17, 2017**. Defendant Santander may respond to Plaintiff's supplementary brief, if it so choses. Defendant Santander would have to file its response by **Wednesday, November 22, 2017**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 13, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2] Defendant Santander, in its Reply, suggests that Plaintiff "waited until after Santander filed its Motion for Summary Judgment . . . to file a formal notice of death." *Def.'s Reply*, ECF No. 35, at 2. But, the Court's docket does not reflect such a filing.