IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

PAULA LUCAS, Administratrix
for the Estate of LEAH
DELORES MORRIS,

      Plaintiff,

v.                                    Case No.: 3:16-cv-12742

SANTANDER BANK, N.A., et. al,

      Defendants

## ORDER GRANTING MOTION TO COMPEL

Pending is Plaintiff's Motion to Compel Defendant Santander Bank, N.A., to provide supplemental answers to discovery. (ECF No. 36). This case involves a mortgage loan obtained by Plaintiff's decedent in May 2000—the terms of which Plaintiff claims were unconscionable. Defendant Santander Bank, N.A. ("Santander") began servicing the loan in 2015. Plaintiff served Santander with discovery requests in June 2017, and Santander responded to the requests on October 16, 2017. Plaintiff filed her motion to compel on November 13, 2017 asking the Court to order Santander to produce two pieces of information: the name of the current holder of the 2000 mortgage loan and a copy of the loan origination file. For the reasons that follow, the Court **GRANTS** the motion and **ORDERS** Santander to supply this information to Plaintiff within **seven days** of the date of this Order.

Santander provides five arguments in opposition to the motion to compel. Each argument will be addressed in turn. First, Santander argues that the motion should be

1

denied, because the requested information is outside the scope of discovery permitted by the Court. In support of that contention, Santander points to the Report of Parties' Planning Meeting and the Court's Scheduling Order. (ECF Nos. 19, 20). Santander claims that the Court approved the Report of the Parties' Planning Meeting, "thereby narrowing the parties' discovery." (ECF No. 44 at 2). In the Report, the parties agreed that discovery would need to be conducted on whether Santander's debt collection practices violated West Virginia law. The parties did not mention any other areas of discovery in the report.

However, contrary to Santander's representation, the Court did not explicitly limit the subject matter of discovery in the Scheduling Order. (ECF No. 20). Although the Court adopted the parties' limitations on the number and use of various methods of discovery, the Court made no mention of a "narrowed" subject matter. Considering that Plaintiff's complaint, in large part, arises from an alleged unconscionable mortgage loan and further considering that the Court did not expressly place a subject matter limitation on discovery, the undersigned finds Santander's first argument to be without merit.

Second, Santander contends that information regarding the loan origination and current loan holder is irrelevant, because it has nothing to do with the only remaining issue in the case; that being, whether John Doe loan holder is a party to an unconscionable contract. Santander alleges that the current holder of the mortgage loan "was not around at the inception of the contract" and, thus, "cannot provide any insight" into the circumstances surrounding the creation of the loan. (ECF No. 44 at 3). Santander argues, as a result, the name of the loan holder cannot be relevant to the pending claim. The undersigned finds this argument unconvincing. Since the identity of the loan holder is unknown to Plaintiff and the Court, it is equally unknown whether the current holder was "around" at the inception of the loan and whether the holder has "insight" into the

origination of the loan. Until the identity of the holder is revealed, Santander's representations are unsubstantiated and cannot provide a basis for withholding the name. Therefore, the identity of the current loan holder is relevant to Plaintiff's claim. Moreover, as Santander concedes, whether the terms of the loan are unconscionable "depends on circumstances ... beyond the face of the [loan agreement]." (*Id.* at 2) (quoting *Powell v. Bank of Am.,* No. 2:11-cv-00335, 2012 WL 1155130, at * 7 (S.D.W. Va. Apr. 5, 2012). Consequently, documents in the loan origination file may certainly be relevant to Plaintiff's claim that the loan was unconscionable. As such, the undersigned finds Santander's second argument to be unpersuasive.

Third, Santander asserts that it should not be required to provide supplemental responses, because Plaintiff no longer has any pending claims against it. According to Santander, it "should not be forced to endure the burden of time and expense to engage in additional discovery" in view of the absence of such claims. (ECF No. 44 at 3). The undersigned likewise finds this argument unpersuasive given that parties to litigation frequently obtain information and documents from third-parties against whom no claims are asserted. If Santander were not a party to this action, Plaintiff would have the right to subpoena the requested information from Santander. However, since Santander is still a named party, Plaintiff has the right to seek to compel the information as long as it is relevant, not privileged, and proportional to the needs of the case. Fed. R. Civ. P. 26(b). The information sought is relevant to Plaintiff's claim and is not privileged, and Santander provides no factual basis upon which the undersigned should be concerned about the proportionality of the requests. Therefore, this argument is without merit.

Next, Santander claims that Plaintiff's motion failed to comply with the Local Rules of this Court, which require Plaintiff to specify which discovery requests were not fully

3

answered. While it is true that Plaintiff does not indicate which requests are in dispute, Plaintiff attaches a copy of the requests and responses to the motion to compel. Plaintiff has particularized the information that she wants Santander to supply; therefore, the undersigned is able, without much effort, to determine which numbered requests are implicated. Plaintiff asked for the name of the current loan holder in Interrogatory No. 3 and asked for the loan origination documents in Request for Production of Documents No. 2. As the attachment to Plaintiff's motion demonstrates, the information sought to be compelled was requested and was withheld. Local Rule 37.1(c) is designed to assist the judicial officer in efficiently resolving discovery disagreements by requiring parties to clearly specify the issues in dispute. In this case, the undersigned finds the issues to be clear; therefore, Plaintiff's failure to list the disputed requests did not hinder the Court's assessment of the motion.

Finally, Santander states that the motion to compel should be denied, because Plaintiff did not file the motion within 30 days after the discovery responses were due, as required by Local Rule 37.1(c). According to the information provided to the Court, Plaintiff served her requests on June 29, 2017, making the responses due no later than July 31, 2017 (assuming they were sent by mail). Therefore, under the Local Rule, the motion to compel should have been filed on or before August 30, 2017. Nevertheless, Local Rule 37.1(c) provides the Court with authority to extend the 30-day deadline for good cause shown. Here, Plaintiff's motion to compel was filed beyond the deadline, but so were Santander's responses to the discovery requests. Furthermore, Plaintiff's motion was filed within thirty days of receipt of Santander's responses.

While the undersigned does not intend to encourage parties to violate the Local Rules, this case has had an unusual progression. In view of the limited information sought

by Plaintiff, the fact that Plaintiff's delay in moving to compel the requested information was partially due to Santander's untimely responses, and given the fact that producing same will not change the status of the claims against Santander, the undersigned finds good cause to extend the 30-day deadline set forth in Local Rule 37.1(c).

Accordingly, for the reasons stated, the undersigned **GRANTS** Plaintiff's motion to compel and **ORDERS** Santander to supply Plaintiff with the requested information within seven days of the date of this Order.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** December 13, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge